UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HOBART ZENTMYER,<br><br>                                    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                    Defendant. | Case No.:  3:20-cv-02240-JAH-NLS<br><br>**ORDER:**<br><br>**1. GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 11); AND**<br><br>**2. DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF No. 17)** |

## I.    INTRODUCTION

Pending before the Court is the motion to dismiss filed by Defendant United States of America ("Defendant" or "Government"), (ECF No. 11), as well as Plaintiff John Hobart Zentmyer's ("Plaintiff" or "Zentmyer") motion for leave to file an amended complaint. (ECF No. 17).  The motions have been fully briefed by the parties.  For the reasons set forth below, Defendant's motion to dismiss is **GRANTED** and Plaintiff's petition for declaratory and injunctive relief is **DISMISSED**.  Plaintiff's motion for leave is **DENIED as moot**.

///

## II.   BACKGROUND

In 2004, Plaintiff was convicted of five white collar crimes involving financial matters and was subsequently incarcerated.  (ECF No. 4 at 3).  Plaintiff was released from federal custody on May 8, 2014.  (*Id.*).

On November 17, 2020 Plaintiff filed a lawsuit challenging the statutory prohibition against possession of firearms as set forth in 18 U.S.C. § 922(g)(1).  (ECF No. 1).  Plaintiff subsequently filed an amended petition on December 15, 2020.  (ECF No. 4).

On February 1, 2021, the Government filed a motion to dismiss for lack of jurisdiction, arguing that Plaintiff did not have the requisite standing to bring his challenge.  (ECF No. 11).  Plaintiff responded in opposition to the Government's motion, (ECF No. 14), to which the Government replied.  (ECF No. 15).

On March 16, 2021, Plaintiff filed a motion for leave to file an amended complaint, (ECF No. 17), which the Government opposed, (ECF No. 19), and to which Plaintiff replied.  (ECF No. 21).

## III.   LEGAL STANDARDS

### A. Fed. R. Civ. Pro. 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendants may seek to dismiss a complaint for lack of subject matter jurisdiction.  "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction."  *In re Dynamic Random Access Memory Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008) (citation omitted). And it is plaintiff's burden to establish subject matter jurisdiction.  *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).  Where, as here, Defendant makes a facial challenge to the pleadings under Rule 12(b)(1), "the court accepts the allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor."  *Stasi v. Inmediata Health Grp. Corp.*, 501 F. Supp. 3d 898, 906 (S.D. Cal. 2020) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)).

**B. Leave to Amend**

Under the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2).  This policy is to be applied with extreme liberality." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)).  This applies even more so when the matter involves pro se litigants, as a "pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Alexander v. Jeffries*, 12 F.3d 1105 (9th Cir. 1993).  As to burden, "[t]he party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.1987).

# IV.   <u>ANALYSIS</u>

**A. Plaintiff Is Bringing a Pre-Enforcement Challenge to 922(g)(1)**

First, the Court addresses Plaintiff's characterization of his claims.  In his opposition to Defendant's motion to dismiss, Plaintiff argues that he is not challenging the constitutionality of 922(g)(1), and that Defendant's efforts to construe his argument as such are an "untrue characterization" of his claim.  (ECF No. 14 at 3-4).  Plaintiff further argues that he is not bringing a pre-enforcement challenge to 922(1)(g), and is instead "bringing a post-injury Fifth Amendment due process challenge to the constitutional sufficiency of the indictment that would issue if he were to violate the statute." (*Id.* at 4).  Plaintiff contends that his right "has already been chilled by the statute" and the "mere existence of 922(g)(1) suffices for creating an injury in fact . . . because it denies his exercise of a constitutional [r]ight." (*Id.* at 4-5).

The Court disagrees.  Plaintiff's own complaint notes that he is "challenging the enforcement of . . . the third of" of the three offenses listed in 18 U.S.C. 922(g)(1)." (ECF No. 4 at 3; ECF No. 17 at 5).  And in his proposed amended complaint, Plaintiff quotes

from a case addressing standing requirements for pre-enforcement challenges.  (ECF No. 17 at 6) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014)).[1]

Plaintiff has not been charged under 922(g)(1), and asks the court to "permanently enjoin Defendant from prosecuting him with a constitutionally insufficient indictment *should* Plaintiff choose to exercise his Second Amendment Right[.]" (ECF No. 1 at 5; ECF No. 4 at 5) (emphasis added).  In other words, Plaintiff is challenging the enforcement of 922(1)(g) before any proceeding has been initiated against him under the statute–a clear pre-enforcement challenge.  Moreover, the Ninth Circuit has previously treated a similar claim as a pre-enforcement challenge.  *See San Diego Cty. Gun Rts. Comm. v. Reno,* 98 F.3d 1121 (9th Cir. 1996).  Accordingly, the Court addresses Plaintiff's pleadings as a pre-enforcement challenge to 922(1)(g).

## B. Plaintiff Does Not Have Standing to Bring a Pre-Enforcement Challenge to 922(1)(g)

Next, the Court considers whether Plaintiff has standing to bring his pre-enforcement challenge to 922(g)(1).  A federal court's judicial power is limited to "cases" or "controversies", and that requirement is satisfied only where a plaintiff has standing.  *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008).  Plaintiffs must establish that: (1) they "suffered an 'injury-in-fact' to a legally protected interest that is both 'concrete and particularized' and 'actual or imminent', as opposed to 'conjectural' or 'hypothetical'"; (2) there is "a causal connection between their injury and the conduct complained of"; and (3) that it is "likely" and "not merely speculative" that "their injury will be redressed by a favorable decision." *San Diego Cty*, 98 F.3d at 1126 (citation

---

[1] Plaintiff quotes the following language from *Susan B. Anthony List*: "*When challenging a law prior to its enforcement*, a plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Susan B. Anthony List*, 573 U.S. 149 (emphasis added) (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)).

omitted).  "Because plaintiffs seek declaratory and injunctive relief only, there is a further requirement that they show a very significant possibility of future harm; it is insufficient for them to demonstrate only a past injury." *Id*. (citation omitted).  "Failure to satisfy any of these three criteria constitutes a "lack of Article III standing [and] requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Zentmyer v. United States*, 2016 WL 4729556, at *2 (S.D. Cal. Sept. 12, 2016) (citation omitted).

As a threshold matter, Plaintiff's "Statement of Fact" and "Allegations" sections in his instant and proposed amended complaints provide little in the way of factual allegations, and consists primarily of legal references and analysis.[2]  Though, as the Government notes, Plaintiff has previously brought three similar actions, (ECF No. 11 at 3-4), the Court considers the amended complaint in this action only; facts alleged in other cases are not considered in the instant matter, as the complaint should be self-sufficient. *See, e.g.* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original"); *Lacey v. Maricopa County,* 693 F.3d 896, 911 (9th Cir. 2012) (en banc) (explaining that claims dismissed with leave to amend which are not re-alleged are waived); *Schlienz v. Pratt*, 831 F. App'x 315 (9th Cir. 2020) (declining to "consider claims from [Plaintiff's] earlier complaints that were dismissed with leave to amend because [Plaintiff] failed to replead them in his operative complaint.") (citation omitted).

---

[2] *See, e.g., Welker v. United States,* 664 F.2d 1384, 1386 (9th Cir. 1982) (suggesting that the district court "require [Plaintiff] to file a self-sufficient complaint (complete within its four corners) without reference to an old complaint"); *Palmer v. Cognizant Tech. Sols. Corp*., No. CV176848DMGPLAX, 2018 WL 4815757, at *7 (C.D. Cal. Sept. 24, 2018) (explaining that in a "facial challenge to standing", the "Court's analysis is typically confined to the four corners of the pleading").

1.  <u>Plaintiff Has Not Established Injury-in-Fact</u>

To establish "injury-in-fact" in the context of a pre-enforcement challenge to a statute, in addition to the "concrete and particularized" and "actual and imminent" requirements, plaintiffs must also show a "genuine threat of imminent prosecution." *San Diego Cnty.*, 98 F.3d at 1126 (internal quotations omitted).  Plaintiff argues that he has suffered an injury-in-fact primarily because: (1) the existence of 922(1)(g) itself has injured Plaintiff; (2) the chilling effect induced by 922(1)(g) is an injury-in-fact that creates standing; and (3) the threat of prosecution under 922(1)(g) suffices as an injury-in-fact and creates standing.  Plaintiff's first two arguments have been rejected by the Ninth Circuit, and Plaintiff has not alleged sufficient facts to support his third argument.  The Court addresses each argument in turn below.

*a. The Ninth Circuit Has Rejected the "Mere Existence" and "Chilling Effect" Arguments as a Basis for Standing*

Plaintiff claims that "his inherent and inalienable Right to keep and bear arms" is infringed upon by the existence of 922(g)(1), which "has invaded Plaintiff's legally protected interest even though he has not violated the statute[.]"  (ECF No. 14 at 2-3). Plaintiff also argues that upon his conviction, "he became a member of the affected class", the "result" of which is "that Plaintiff has been denied the exercise of his constitutionally-secured Right to keep and bear arms[.]"  (ECF No. 17 at 6).  In other words, Plaintiff contends that the existence of the statute itself creates the injury.  The Government argues that this "purported injury is pure conjecture–it comes nowhere close to the type of 'concrete or particularized' and 'actual or imminent' harm required to establish standing for a pre-enforcement challenge."  (ECF No. 11 at 6).

The Court agrees with the Government; Plaintiff's allegations fall short of the "concrete or particularized" harm required.  Moreover, the Ninth Circuit has routinely rejected arguments claiming that the mere existence of a statute creates an injury.  *See, e.g., San Diego Cnty*, 98 F.3d at 1126 (explaining that the Ninth Circuit has "repeatedly admonished, however, that '[t]he mere existence of a statute, which may or may not ever

be applied to plaintiffs, is not sufficient to create a case or controversy within the meaning of Article III.'"); *see also Western Mining Council v. Watt*, 643 F.2d 618, 627 (9th Cir. 1981), cert. denied, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981) (same language). To the extent that Plaintiff is arguing that the existence of the statute creates a "chilling effect" on his exercise of Second Amendment rights, in turn creating a constitutionally sufficient injury, that argument has been rejected by various courts. *See, e.g., San Diego Cty. Gun Rts. Comm.*, 98 F.3d at 1129 (quoting *Younger v. Harris*, 401 U.S. 37, 51 (1971)) (explaining that the "existence of a 'chilling effect' . . . has never been considered a sufficient basis, in and of itself, for prohibiting . . . [government] action.").

Plaintiff's argument that (1) the existence of the statute creates the injury, as he is a member of an affected class of individuals allegedly deprived of their Second Amendment rights, and (2) the chilling effect induced by the statue creates an injury fall short of the "concrete and particularized" and "actual and imminent" requirements, and have been rejected by other courts. *San Diego Cnty.*, 98 F.3d at 1126.  Accordingly, the Court likewise finds that Plaintiff's arguments are unavailing.

### b. *Plaintiff Has Not Alleged Enough Facts For the Court to Find that the Threat of Prosecution Grants Standing*

Next, the Court considers whether the threat of prosecution under 922(1)(g) as alleged by Plaintiff suffices as an injury-in-fact for standing purposes.  The Government argues that Plaintiff's complaint should be dismissed because he "alleges no facts whatsoever showing he faces a 'genuine threat of imminent prosecution.'"  (ECF No. 11 at 6).  The Court agrees.  The Ninth Circuit has instructed that when "evaluating the genuineness of a claimed threat of prosecution," courts should "look to whether the plaintiffs have articulated a 'concrete plan' to violate the law in question, whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and the history of past prosecution or enforcement under the challenged statute." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000). However, "[w]hen the plaintiff has alleged an intention to engage in a course of conduct

arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he should not be required to await and undergo a criminal prosecution as the sole means of seeking relief." *Babbitt*, 442 U.S. at 298 (citation and internal quotation marks omitted).

Taking these considerations in turn, first, Plaintiff alleges no such plan in the operative complaint. Though Plaintiff discusses a hypothetical involving Arizona in his amended complaint, (ECF No. 4 at 3-4; ECF No. 17 at 4-5, 7-9), as the Government notes, Plaintiff "has alleged no plan (concrete or otherwise) to obtain a firearm" and "has not alleged any genuine or imminent threat of prosecution if he moved to Arizona and purchased a firearm." (ECF No. 11 at 7). While "it is not necessary that [plaintiffs] first expose [themselves] to actual arrest or prosecution to be entitled to challenge" a statute, Plaintiffs must still "alleg[e] an intention to engage in a course of conduct arguably affected[.]" *Id.* He has failed to do so here.

Second, Plaintiff's pleading in this action does not contain any clear allegation that prosecuting authorities have communicated a specific warning or threat to initiate proceedings. Though plaintiffs are required to show a "genuine threat of imminent prosecution", Plaintiff's instant complaint fails to make any relevant allegations regarding threats of enforcement. *Washington Mercantile Ass'n v. Williams*, 733 F.2d 687, 688 (9th Cir. 1984); *see also Darring v. Kincheloe*, 783 F.2d 874, 877 (9th Cir. 1986) ("an 'imaginary or speculative' fear of prosecution is not enough") (citation omitted); *Stoianoff v. State of Mont.*, 695 F.2d 1214, 1223 (9th Cir. 1983) ("a plaintiff must demonstrate a genuine threat that the allegedly unconstitutional law is about to be enforced against him"). The mere "possibility of criminal sanctions applying does not of itself create a case or controversy." *Boating Industry Ass'ns v. Marshall*, 601 F.2d 1376, 1385 (9th Cir. 1979) (citations omitted).

Third, Plaintiff declines to explain or discuss the past prosecution or enforcement of 922(1)(g), though it is his burden to do so, to the extent he seeks to establish standing through this factor. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party

invoking federal jurisdiction bears the burden of establishing these elements."). Because Plaintiff's operative complaint does not articulate (1) a concrete plan to violate the statute, (2) a threat of enforcement, or (3) an explanation of the past prosecution or enforcement of 922(1)(g), the Court finds that the threat of prosecution does not provide Plaintiff with standing.

## 2.  The Court Does Not Address Causal Connection & Redressability

In addition to injury-in-fact, Plaintiff must demonstrate that there is "a causal connection between their injury and the conduct complained of" and that it is "likely" and "not merely speculative" that "their injury will be redressed by a favorable decision." *San Diego Cty*, 98 F.3d at 1126 (citation and internal quotations omitted).  Because Plaintiff's complaint cannot establish injury in fact, the Court finds that it need not address causal connection and redressability.

## C. Plaintiff's Motion is Dismissed Without Prejudice

While the Government has asked the Court to dismiss the case "with prejudice", (ECF No. 11 at 2), the Court declines to do so here.  Though Plaintiff's amended complaint and proposed amended complaint are both deficient insofar as their allegations fail to establish standing to bring a pre-enforcement challenge, in light of Plaintiff's pro se status, the Court cannot find that "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Alexander*, 12 F.3d 1105 (9th Cir. 1993).  Having said that, as noted by the Government, Plaintiff has brought similar challenges in three prior actions, each of which have been dismissed.  (ECF No. 11 at 3-4).  Although the Court allows Plaintiff to amend his complaint here,[3] Plaintiff is warned that his next amended complaint should be self-sufficient (that is, complete without reference to other or prior complaints) that contain the requisite factual allegations.  *See Welker,* 664 at 1386.  Plaintiff is warned

------

[3] To be clear, the Court is referring to a future amended complaint, not Plaintiff's pending motion for leave to amend.  That motion (ECF No. 17) is denied as moot.

that Plaintiff's failure to file a legally sufficient amended complaint will result in a dismissal with prejudice.

### D. Plaintiff's Motion for Leave Is Moot

Even taking into account Plaintiff's amended pleadings, Plaintiff has failed to sufficiently allege facts supporting a finding of standing.  Because Plaintiff's proposed amendments do not cure the deficiencies discussed above, Plaintiff's pending motion for leave is **DENIED** as futile, though the Court does, as stated herein, grant Plaintiff leave to amend to file a new complaint, and not the legally deficient complaint currently accompanying Plaintiff's motion.  (ECF No. 17 at 3-27).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## V. CONCLUSION

Because Plaintiff cannot establish standing to bring a pre-enforcement challenge to 922(1)(g), the Court **GRANTS** Defendant's motion to dismiss.  Because the Court cannot find that *no* amendment would cure the deficiencies, the Court **DISMISSES** the complaint without prejudice.  Plaintiff's motion for leave to amend is **DENIED** as moot, as the requested changes would not cure the deficiencies noted above.  Plaintiff is directed to file an amended complaint in forty-five (45) days of this Order.

Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading.  Any claims not re-alleged in the Amended Complaint will be considered waived.  *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original"); *Lacey,* 693 F.3d at 911 (9th Cir. 2012) (en banc) (explaining that claims dismissed with leave to amend which are not re-alleged are waived); *Schlienz*, 831 F. App'x 315 (declining to "consider claims from [plaintiff's] earlier complaints that were dismissed with leave to amend because [plaintiff] failed to replead them in his operative complaint.") (citation omitted).

**IT IS SO ORDERED.**


DATED:     March 30, 2022

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE